IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

NOREL STERLING WARD,      )
         )
     Plaintiff,      )    Civil Action No. 7:20cv00036
         )
v.        )    **MEMORANDUM OPINION**
         )
WARDEN JEFF KISER, *et al.*,    )    By:   Hon. Thomas T. Cullen
         )          United States District Judge
     Defendants.     )

_____

Norel Sterling Ward, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983, alleging that the defendants subjected him to excessive force and failed to provide him with adequate medical care while he was housed at Red Onion State Prison ("Red Onion"). On February 17, 2022, the court denied the defendants' motion for summary judgment based on Ward's failure to exhaust his administrative remedies. (ECF Nos. 44 & 45.) In denying summary judgment, the court concluded that, although it was "clear" that Ward had not exhausted administrative remedies before filing this action, there was a genuine dispute of material fact as to whether administrative remedies were available to him. (ECF No. 44 at 11, 12.) Accordingly, the court referred the matter to Magistrate Judge Pamela Meade Sargent under 28 U.S.C. § 636(b)(1)(B) to conduct an evidentiary hearing to determine whether the established grievance procedures were available to Ward. (ECF No. 45.)

Judge Sargent conducted an evidentiary hearing on July 21, 2022. On February 8, 2023, the Magistrate Judge filed a report and recommendation, finding that Red Onion's established grievance procedure was available to Ward regarding his claims raised in this case, in that he was not prevented from using the procedure by the actions of prison staff. (*See* ECF No. 63

at 16.) Therefore, the Magistrate Judge recommended that the court enter judgment in favor of the defendants based on the Ward's failure to exhaust his available administrative remedies prior to filing suit. (*Id.*) Ward filed timely objections to the report and recommendation. (ECF No. 65). In his objections, Ward argues that he proved that he exhausted the grievance procedure, that the defendants did not present any documents to show that he was "properly orientated" to the grievance procedure at Red Onion, and that he was denied "written complaint forms for two months." (*Id.*) After reviewing the record, the court will overrule the objections, adopt the report and recommendation, and enter judgment in favor of the defendants.

## I.

When a matter is referred to a magistrate judge for a report and recommendation, the parties may "serve and file specific, written objections" to the magistrate judge's proposed findings and recommendations within 14 days. 28 U.S.C. § 636(b)(1)(C). A party must object "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). A district court must review *de novo* any part of a report and recommendation to which a party properly objects. 28 U.S.C. § 636(b)(1)(C); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court's reasoning when ruling on the objections need not be elaborate or lengthy, but it must provide a specific rationale that permits meaningful appellate review. *See, e.g.*, *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009).

*De novo* review is not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and

recommendations." *Orpiano*, 687 F.2d at 47. An objection that repeats arguments raised before a magistrate judge is deemed a general objection to the entire report and recommendation, which is the same as a failure to object. *Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

*Midgette*, 478 F.3d at 622. A plaintiff who reiterates his previously raised arguments will not be given "the second bite at the apple [ ]he seeks." *Veney*, 539 F. Supp. 2d at 845

A district court is also not required to review any issue *de novo* when no party objects. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Rather, a district court reviews for clear error any part of a report and recommendation not properly objected to. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Clear error means that a court, after "reviewing . . . the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see FTC v. Ross*, 743 F.3d 886, 894 (4th Cir. 2014) (noting a factual finding based on the resolution of conflicting evidence is entitled to deference under the clear error standard).

## II.

In his objections, Ward arguea that he proved that he exhausted the grievance procedure, that the defendants did not present any documents to show that he was "properly orientated" to the grievance procedure at Red Onion, and that he was denied "written complaint forms for two months." (*See* ECF No. 65.) These objections largely reiterate arguments raised before the Magistrate Judge.

Although Ward argues that he "proved . . . that the grievance process was exhausted" by submitting his complaint forms and grievances, the court previously determined that:

> Despite his numerous filings, it is clear from the record that Ward did not fully exhaust administrative remedies as to his claims. Ward did not submit a regular grievance that was timely filed and included an informal complaint, as required by the VDOC's well-established grievance process.

(ECF No. 44 at 11.) Ward did not submit any additional records that reflect that a relevant regular grievance was accepted as timely filed and included an informal complaint. Accordingly, his claims are still unexhausted.

As previously noted, the Magistrate Judge's report and recommendation addresses whether administrative remedies were *available* to Ward. As to the availability of administrative remedies, Ward objected that the defendants did not provide any documents to "show the court that plaintiff was properly orientated" to the grievance procedure at Red Onion and that he was "denied written complaint forms for two months." (ECF No. 65 at 1.) In her report the Magistrate Judge stated:

> Ward's testimony that he was not oriented on the Offender Grievance Procedure and that inmates could receive administrative remedies forms from only correctional sergeants or higher correctional officers [is] not credible. Every prison

official who provided evidence in this case—Gibson, Meade and Trapp—stated that every inmate was oriented on the Inmate Grievance Procedure when they arrived at Red Onion. Also, Gibson and Trapp offered evidence that Ward could have requested administrative remedies forms from any staff member at Red Onion. In particular, Gibson testified that he made rounds through Ward's B-4 housing unit daily and that he would have provided Ward with the necessary forms if he had requested them. Furthermore, Ward admitted that when he sent a request form to the Grievance Coordinator, he received an Informal Complaint form. It is important to note that Ward contradicted himself in his own testimony. At one point in his testimony Ward stated that he asked multiple correctional officers every day for Informal Complaint forms. Later in his testimony, Ward stated he only requested the forms from Fleming and Adams when he would see them every three to four days.

(ECF No. 63 at 15–16.)

In sum, having reviewed the report and recommendation, Ward's objections, and pertinent portions of the record, the court agrees with the Magistrate Judge and will adopt the report and recommendation in its entirety. Ward's objections are general objections which raise issues that were already before the court and the Magistrate Judge. The court is satisfied that there is no "clear error" in the report and recommendation. Accordingly, the court will overrule Ward's objections, adopt the report and recommendation, and enter judgment in favor of the defendants.

The Clerk is directed to forward copies of this Memorandum Opinion and accompanying Order to the parties and to Judge Sargent.

**ENTERED** this 13th day of March, 2023.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

- 5 -